John M. Howell, ISB No. 6234
Bradley S. Richardson, ISB No. 7008
BRASSEY, WETHERELL & CRAWFORD, LLP
203 W. Main Street
P.O. Box 1009
Boise, Idaho 83701-1009
Telephone: (208) 344-7300
Facsimile: (208) 344-7077
jhowell@brassey.net
bsr@brassey.net

Attorneys for Plaintiffs/Counterdefendants
    Ronald R. And Susan M. Warnecke

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD R. AND SUSAN M. WARNECKE,<br><br>Plaintiffs/Counterdefendants,<br><br>vs.<br><br>NITROCISION, LLC, an Idaho limited liability company; WILLIAM RIBGY, an individual; DIANE KIEHN, an individual; TRUTECH, L.L.C., a Nevada limited liability company; NITROCISION HANFORD LLC, an Idaho limited liability company<br><br>Defendants/Counterclaimants. | Case No. CV 2010-00334-CWD<br><br>**ANSWER TO COUNTERCLAIM** |

COME NOW the Plaintiffs/Counterdefendants Ronald R. and Susan M. Warnecke (collectively referred to as "Warneckes"), by and through their counsel of record, Brassey, Wetherell & Crawford, LLP, and answer Defendants/Counterclaimants' Counterclaim herein as follows:

ANSWER TO COUNTERCLAIM - 1

## FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Warneckes deny all allegations of the Counterclaim not specifically admitted herein, or admitted by an affirmative allegation of fact.

### I.

Warneckes admit the allegations contained in paragraphs 1-7, 9, 10, 12 and 13 of the Counterclaim. As to paragraph 8 of the Counterclaim, Warneckes admit that Ron Warnecke was the CEO and/or Managing Member of Nitrocision. As to paragraph 11 of the Counterclaim, Warneckes admit that Ron Warnecke was the Managing Member and/or CEO of TRUTECH.

### II.

As to paragraphs 14-17 of the Counterclaim, Warneckes would admit that Nitrocision entered into a loan agreement with RDA. As for the dates and terms of the loan, the loan documents speak for themself. As to paragraph 18 of the Counterclaim, Warneckes admit that Ron Warnecke, on behalf of Nitrocision, submitted reports to RDA, said reports speak for themself. Warneckes deny the allegations contained in paragraphs 19 and 20 of the Counterclaim.

### III.

As to paragraph 21 of the Counterclaim, the documents memorializing the agreement between Leadwood and Nitrocision speak for themself. Warneckes deny paragraphs 22-24 of the Counterclaim. Warneckes admit paragraph 25 of the Counterclaim. As to paragraph 26 of the Counterclaim, Warneckes admit the allegations, but cannot admit with certainty the specific dollar amount contained therein. Warneckes deny the allegations contained in paragraph 27 of the Counterclaim.

### IV.

As to the allegations contained in paragraph 28 of the Counterclaim, Warneckes would admit that Nitrocision had an accounts receivable line of credit with Ireland Bank. Warneckes admit the allegations contained in paragraphs 29 and 30 of the Counterclaim. As to paragraph 31 of the Counterclaim, Warneckes would admit that Nitrocision's line of credit with Ireland Bank was utilized. Warneckes deny the allegations contained in paragraph 32 of the Counterclaim.

### V.

As to paragraph 33 of the Counterclaim, Warneckes admit that Kiehn loaned money to Nitrocision. The loan documents speak for themself.

### VI.

Warneckes admit the allegations contained in paragraph 34 of the Counterclaim, but cannot admit with certainty the specific dollar amount contained therein.

### THIRD DEFENSE

There exists no proximate causation and/or causation between any alleged act or alleged breach of duty or warranty by Warneckes and Counterclaimants' alleged damages.

### FOURTH DEFENSE

Counterclaimants are barred from recovery in whole or in part for failure to mitigate damages.

### FIFTH DEFENSE

The Counterclaimants' claims are barred by their own prior material breach of their agreements with the Warneckes.

### SIXTH DEFENSE

Counterclaimants were guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged, which misconduct proximately caused and contributed to said events and resultant damages, if any.

### SEVENTH DEFENSE

Counterclaimants are not the real party in interest with respect to all or a part of their claim, contrary to Rule 17, Federal Rules of Civil Procedure.

### EIGHTH DEFENSE

Warneckes have valid set-offs against any claim by the Counterclaimants, which are equal to or greater then amounts claimed by the Counterclaimants.

### NINTH DEFENSE

The Counterclaimants' claims are barred under the doctrines of waiver and/or estoppel.

### TENTH DEFENSE

Any and all conduct of Warneckes with respect to the matters alleged were justifiable, reasonable, authorized by law, and performed in good faith with the belief that such acts were proper, legal and appropriate.

### ELEVENTH DEFENSE

The Counterclaimants' claims are subject to conditions precedent and/or subsequent, which have not been performed or satisfied by the Counterclaimants.

### TWELFTH DEFENSE

Counterclaimants assumed the risk of the events, occurrences, and damages alleged in their Counterclaim.

### THIRTEENTH DEFENSE

There has been no breach by the Warneckes of any agreement between the parties and the Warneckes have completely and/or substantially performed all obligations or duties owed to Counterclaimants.

### FOURTEENTH DEFENSE

The damages and injuries sustained by Counterclaimants, if any, were proximately caused by the negligence or fault of parties, persons or entities other than the Warneceks, who the Warneckes did not control, or for who the Warneckes had no control. By asserting this defense, the Warneckes do not admit the Counterclaimants have been damaged.

### FIFTEENTH DEFENSE

Counterclaimants' claims are barred by the equitable doctrine of unclean hands.

### SIXTEENTH DEFENSE

Counterclaimants' claims are barred, in whole or in part, by the applicable statute of limitations, including Idaho Code §§ 5-218 and 5-224.

### SEVENTEENTH DEFENSE

Counterclaimants' alleged damages were caused in whole or in part by the acts or omissions of persons other than the Warneckes, over whom the Warneckes had no control, or by the superceding interventions of causes outside of the Warneckes' control.

### EIGHTEENTH DEFENSE

Counterclaimants' claims are barred, in whole or in part, by lack of privity.

### NINETEENTH DEFENSE

Counterclaimants' claims are barred, in whole or in part, by the negligent and/or intentional spoliation of evidence.

### TWENTIETH DEFENSE

Counterclaimants' claims are barred, in whole or in part, by the terms of the parties' agreements.

### TWENTY-FIRST DEFENSE

The Warneckes acted in good faith at all times, acted consistent with the parties' agreements, and acted in the best interests of the company.

### TWENTY-SECOND DEFENSE

The Warneckes have been required to retain the firm Brassey, Wetherell & Crawford, LLP, to defend this action, and the Warneckes are entitled to recover their reasonable attorney fees and costs for said representation pursuant to the agreements between the parties and pursuant to applicable federal and state law, including, but not limited to, I.C. §§ 12-120, 12-121, 45-615 and 45-617, and Fed.R.Civ.P. 54.

### TWENTY-THIRD DEFENSE

The Warneckes have considered and believe they may have additional affirmative defenses, but do not have enough information at this time to assert additional defenses. The Warneckes do not intend to waive any such defenses, and specifically assert their intention to amend this Answer if additional facts come to light giving rise to additional affirmative defenses.

WHEREFORE, Warneckes pray that Counterclaimants take nothing by the Counterclaim, that the Counterclaim herein be dismissed with prejudice, and that the Warneckes be awarded their costs of suit, reasonable attorney fees in accordance with the agreements between the parties and pursuant to applicable federal and state law, including, but not limited to, I.C. §§ 12-120, 12-121, 45-615 and 45-617, and Fed.R.Civ.P. 54., and such other and further relief as the Court deems just.

**THE WARNECKES DEMAND A TRIAL BY JURY AS TO ALL ISSUES**

DATED this 15th day of September , 2010.

                        BRASSEY, WETHERELL & CRAWFORD, LLP

                        By_____
                           John M. Howell, Of the Firm
                           Attorneys for Plaintiffs/Counterdefendants
                           Ronald R. and Susan M. Warnecke

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September , 2010, I served a true and correct copy of the foregoing **ANSWER TO COUNTERCLAIM,** upon each of the following individuals by causing the same to be delivered by the method and to the addresses indicated below:

| | |
|---|---|
| James C. Herndon | _____ U.S. Mail, postage prepaid |
| John L. Stosich | _____ Hand-Delivered |
| Alan Johnston | _____ Overnight Mail |
| Pike Herndon Stosich & Johnston, P.A. | _____ Facsimile (208) 528-6447 |
| O.E. Bell Center | __X__ CM-ECF |
| 151 North Ridge, Suite 210 | |
| P.O. Box 2949 | |
| Idaho Falls, ID 83403-2949 | |

_____
John M. Howell